# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 24-6691; Sheppheard, et al. v. Justice, et al. |
|---|---|
| **Originating No. & Caption** | 5:23-cv-530; Sheppheard, et al. v. Justice, et al. |
| **Originating Court/Agency** | United States District Court for the Southern District of WV |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 |
| Time allowed for filing in Court of Appeals | |
| Date of entry of order or judgment appealed | July 2, 2024 Order; July 3, 2024 Judgment |
| Date notice of appeal or petition for review filed | July 16, 2024 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | July 16, 2024-Dfendants' Motios for Fees and Costs |
| Date order entered disposing of any post-judgment motion | N/A |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ● Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This is a putative class action suit filed against James C. Justice Jr., in his official capacity as Governor of the State of West Virginia and Mark Sorsaia, in his official capacity as the Cabinet Secretary of the West Virginia Department of Homeland Security ("WVDHS"), seeking to remedy violations of the Eighth Amendment's prohibition against cruel and unusual punishment in West Virginia prisons, jails, and juvenile facilities and brought under 42 U.S.C. Section 1983. These facilities are operated the West Virginia Department of Corrections and Rehabilitation ("WVDCR") as part of the WVDHS. The Complaint seeks Declaratory and Injunctive relief. |
| Plaintiffs are Thomas Sheppheard, who was incarcerated at Mt. Olive Correctional Complex in Fayette County; Plaintiff Tyler Randall, who was incarcerated at Southwestern Regional Jail in Logan County; and, Plaintiff J.P., a minor, who was an inmate incarcerated at Donald R. Kuhn Juvenile Center ("Kuhn") in Boone County. |
| Each Defendant filed a Motion to Disumiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which the United States District Court for the Southern District of West Virginia granted. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| I. Whether the United States District Court erred in dismissing the Complaint on the basis that the Plaintiffs' lacked standing?<br><br>II. Whether the United States District Court erred in concluding that a causal connection did not exist between the alleged unconstiutional conditions of confinement and each of the Defendants' conduct?<br><br>III. Whether the United States District Court erred in concluding that Plaintiffs' injuries would not be redressed by any actions on the part of each of the Defendants?<br><br>IV. Whether the United States District Court erred in narrowly focusing on the West Virginia Legislature's ability to appropriate funds in determining whether Plaintiffs have standing as once the funds are appropriated, the Legislature cannot act, other than by passing some type of legislation, to remedy the alleged unconstiutional conditions of confinement?<br><br>(Continued on a separate sheet). |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: James C. Justice, Jr. | Adverse Party: Mark Sorsaia |
| Attorney: Michael Hissam<br>Address: HISSAM FORMAN DONOVAN RITCHIE<br>P. O. Box 3983<br>Charleston, WV 25339 | Attorney: Natalie Schaefer<br>Address: SHUMAN MCCUSKEY & SLICER<br>P. O. Box 3953<br>Charleston, WV 25339 |
| E-mail: mhissam@hfdrlaw.com | E-mail: nschaefer@shumanlaw.com |
| Phone: 681-265-3802 | Phone: 304-345-1400 |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Thomas Sheppheard<br><br>Attorney: Stephen New<br>Address: 430 Harper Park Drive<br>Beckley, WV 25801<br><br>E-mail: steve@newlawoffice.com<br><br>Phone: 304-250-6017 | Name: Tyler Randall<br><br>Attorney: Stephen New<br>Address: 430 Harper Park Drive<br>Beckley, WV 25801<br><br>E-mail: steve@newlawoffice.com<br><br>Phone: 304-250-6017 |
| **Appellant (continued)** | |
| Name: Adam Perry, Next Friend of J.P.<br><br>Attorney: Stephen New<br>Address: 430 Harper Park Drive<br>Beckley, WV 25801<br><br>E-mail: steve@newlawoffice.com<br><br>Phone: 304-250-6017 | Name:<br><br>Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: |

Signature: s/ Stephen New     Date: 8/1/24

Counsel for: Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ___8/1/24___ by ☐ personal delivery; ☑ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| Michael Hissam; Maureen Gleason; Zak Ritchie<br>HISSAM FORMAN DONOVAN RITCHIE<br>P. O. Box 3983<br>Charleston, WV 25339 | Caleb David; Natalie Schaefer; Kimberly Bandy; Shannon Rogers; Tyler Rittenhouse<br>SHUMAN MCCUSKEY & SLICER<br>P. O. Box 3953<br>Charleston, WV 25339 |

Signature: S/ Stephen P. New     Date: 8/1/24

V. Whether the United States District Court erred when the Court failed to consider the testimony of former West Virginia Department of Corrections and Rehabilitation indicating that they attempted to submit proposals aimed at correcting the alleged unconstitutional conditions of confinement to the Governor's Office and the West Virginia Department of Homeland Security?

VI. Whether the United States District Court erred when the Court failed to consider that some of the alleged unconstitutional conditions of confinement could be addressed without the expenditure of money?

VII. Whether the United States District Court erred when the Court narrowly interpreted the relief requested when amelioration of unconstitutional conditions of confinement in correctional facilities requires multiple expert opinions and an extended process for development of plans to correct the conditions and implementation of those plans over an extended period of time?